IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 6:98-922 |
| vs. ) | C.A. No. 6:06-174-HMH |
| ) | |
| John Clarence Johnson, ) | |
| ) | **OPINION & ORDER** |
| Movant. ) | |

This matter is before the court on John Clarence Johnson's ("Johnson") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court dismisses Johnson's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On August 19, 1999, Johnson was convicted by a jury of one count of possession with the intent to distribute cocaine and one count of conspiracy to possess with the intent to distribute cocaine. The court sentenced Johnson to two hundred thirty-five (235) months' imprisonment. On April 26, 2000, the United States Court of Appeals for the Fourth Circuit affirmed Johnson's conviction and sentence. See United States v. Johnson, No. 99-4656, 2000 WL 535280 (4th Cir. Apr. 26, 2000) (unpublished). On April 27, 2001, Johnson filed a § 2255 motion, which was summarily dismissed on May 9, 2001. Johnson appealed, and the Fourth Circuit dismissed his appeal on December 28, 2001. United States v. Johnson, Nos. 01-7128, 01-7339, 2001 WL 1660936 (4th Cir. Dec. 28, 2001) (unpublished). Johnson filed the instant § 2255 motion on January 12, 2006.[1]

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

1

## II. Discussion of the Law

Johnson alleges two claims in his § 2255 motion: (1) a claim for prosecutorial misconduct during Johnson's jury trial; and (2) a claim pursuant to United States v. Booker, 543 U.S. 220 (2005). Because Johnson has had a prior § 2255 motion adjudicated on the merits, the court must consider whether the instant motion is second or successive before it may consider the merits of the motion. In re Cabey, 429 F.3d 93, 98 (4th Cir. 2005), reh'g granted, (4th Cir. Jan. 10, 2006).[2]

Under Cabey, if a prisoner could not have raised the issue(s) brought in a § 2255 motion in a previous motion, the instant motion is not "second or successive." Id. Johnson could have raised his prosecutorial misconduct claim in his first § 2255 motion. Therefore, Johnson's § 2255 motion does not contain "only new issues that did not exist and therefore could not have been raised at the time he filed his initial Section [2255 motion]." Id. 95 (emphasis added). As such, the instant motion is second or successive under § 2255.

"[A] prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)). In the absence of pre-filing authorization, the district court lacks jurisdiction to consider the instant § 2255 motion. See id. Because the court lacks jurisdiction over this successive § 2255 motion, it must be dismissed.

---

[2] Although Cabey concerned a petition under § 2254 instead of a § 2255 motion, the language for determining whether a motion is "second or successive" is identical, and case law interpreting the use of "second or successive" in one statutory section applies to the other. 429 F.3d at 96 n.4.

Alternatively, Cabey may be interpreted to permit either claims which factually or legally did not exist at the time the first petition or motion was filed. See Cabey, 429 F.3d at 102 (Luttig, J., dissenting). Under this interpretation, a prisoner whose judgment was final pre-Booker and who has already had a § 2255 motion adjudicated on the merits may be able to assert a Booker claim in a § 2255 motion without having the motion deemed successive. However, even if Cabey allowed Johnson to bring a Booker claim and Johnson's prosecutorial misconduct claim did not render his § 2255 motion successive, Booker does not apply retroactively to cases on collateral review. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Hence, Booker is inapplicable to Johnson and provides Johnson no relief.

Therefore, it is

**ORDERED** that Johnson's § 2255 motion is dismissed.

**IT IS SO ORDERED**.

                                            s/ Henry M. Herlong, Jr.
                                            United States District Judge

Greenville, South Carolina
January 20, 2006

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.